THE DUBUQUE AND PACIFIC RAILROAD COMPANY v. WEBSTER COUNTY et al.

1. Railroads: TAXATION. Chapter 45, Revision of 1860, changed and repealed chapter 152, Laws of 1858; and under said chapter 45 the property of railroad companies was taxable in the same manner as that of any other company or individual.

2. —— LAW OF 1862. The act of April 8th, 1862, was not applicable to the assessment of taxes for that year; and it had no application for any year to any taxes assessed upon property *other* than the track, rolling stock and necessary buildings. The tax of one per cent upon the ˙gross earnings provided by section 16 of said act being in lieu only of taxes upon such track, rolling stock and necessary buildings. All other property should be taxed in the several counties in which it lies like that of individuals.

3. —— CASE FOLLOWED. *The Iowa Homestead Company* v. *The County of Webster et al.,* followed.

## Appeal from Webster District Court.

## THURSDAY, OCTOBER 11.

PLAINTIFF seeks to recover some $12,000 paid the county of Webster, as is alleged, for taxes erroneously assessed. The case made by the petition is this: The lands assessed constitute a part of those granted to the State to aid in the construction of a railroad from Dubuque to the Missouri river, by act of Congress, May 15, 1856, and by the State to plaintiff by act of July 14, 1856. The fifth continuous twenty miles of said road was completed January 1, 1861, and that fact certified by the Governor, April 25 of the same year. On the 7th of April, 1863, the Secretary of the Interior approved the selections, and on the 11th of April, 1863, the certificate of the Commissioner of the General Land Office, approved by the Secretary of the Interior, covering lists of lands, including those assessed, was obtained by the company. Part of these lands are within and part without the six miles, as

contemplated by the first section of the act of Congress. They were assessed for 1862 and 1863, as belonging to "unknown owners." On the 9th of December, plaintiff, under the protest, paid the county $4,659.92, and on the 20th of January, 1863, the further sum of $4,244.35, the amount of taxes so assessed. These lands are about one hundred miles west of the hundred miles of road completed at the time of said assessment. Plaintiff, now claiming that these taxes were erroneous and illegal, seeks to recover the same with interest. Defendant demurred to the petition; the demurrer was sustained and plaintiff appeals.

*Jno. F. Dunscombe* for the appellant.

*Theo. Hawley* for the appellees.

WRIGHT, J.—That this claim was not presented to the board of supervisors of the county is not made an objection, but the parties agree in presenting three questions: First, were these lands in whole or in part taxable for the year 1862? Second, were they for the year 1863? If for neither, can plaintiff, having paid his money under protest, demand its repayment?

1. RAILROADS: taxation.

Whether these lands were taxable as lands, or only through the shares of the stockholders, for the years 1862 and 1863, we had occasion to examine in the case of *The Iowa Homestead Company* v. *Webster County, ante* 221. It was there settled that the Revision of 1860, ch. 45, changed and repealed the act of 1858, and that the property of railroad companies thereunder was taxable in the same manner as that of any other company or individual. These taxes were under this law, and if plaintiff had, for either year, a taxable interest in them, there is no objection to the method adopted. And we remark further,

2. — law
of 1862.   in this connection, that the act of April 8, 1862, would not be applicable for that year, nor could it affect the question now made for any year; for the one per cent tax on the gross receipts provided for in section 16 of said act (Laws 1862, p. 227) is only in lieu of all taxes on the *road-bed, track, rolling stock and necessary buildings*, while *all other property* is to be taxed like that of individuals in the several counties in which the same may lie.

Two questions then remain: The first as to the liability of these lands for 1862 and 1863, involving the first
3. — case
followed.   and second inquiries above stated. The second, conceding the non-liability, could plaintiff, under the circumstances and the provisions of the statute, demand a repayment of the money? The argument in favor of the liability of these lands or the year 1863 is very much stronger than for the year 1861. For, on the very day (the 11th of April, 1863) that the assessor completed his assessment under the law, the final certificate was made and delivered to plaintiff. But, without stopping to discuss this point or placing the decision on this ground, it is sufficient to refer to the preceding case of *The Homestead Company* v. *Webster County*, in which it is expressly held that these lands (selected at the same time, for the same work, and in the same manner as therein stated) were liable after January 1, 1861. And if for that, then of course for 1862 and 1863. The conclusion reached and argument used in that case are entirely applicable to this, and without again entering upon the discussion, we unite in holding that the demurrer in this case was properly sustained. And so holding, it becomes unnecessary to pass upon the second question presented by counsel.

Affirmed.